IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**SOLOMAN STEVE KENNEDY**                                                          **PLAINTIFF**

**V.**                                            **CIVIL ACTION NO. 4:15CV63-SA-SAA**

**SONJA STANCIEL, et al.**                                                         **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Solomon Kennedy, proceeding *pro se* and *in forma pauperis*, filed suit under 42 U.S.C. § 1983 against Defendant Earnest Lee[1], alleging that he is subjected to unconstitutional conditions of confinement while in the custody of the Mississippi Department of Corrections ("MDOC"). Defendant Lee has moved for summary judgment under Federal Rule of Civil Procedure 56, claiming that Kennedy failed to exhaust his available administrative remedies prior to filing the instant suit. Kennedy has been provided an opportunity to respond but has failed to timely do so. Having reviewed the submissions and arguments of the parties, as well as the applicable law, the Court finds that the Defendant's motion should be granted.

**Summary Judgment Standard**

Summary judgment is proper only when the pleadings and evidence, viewed in a light most favorable to the nonmoving party, illustrate that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a),(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is deemed "material" if "its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star*

---

[1] Several other defendants and claims were previously dismissed by the Judgment adopting Magistrate Judge S. Allan Alexander's Report and Recommendation. *See* ECF No. # 61.

*State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). Once the motion is properly supported with competent evidence, the nonmovant must show that summary judgment is inappropriate. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *see also Celotex*, 477 U.S. at 323. The nonmovant cannot rely upon "conclusory allegations, speculation, and unsubstantiated assertions" to satisfy his burden, but rather, must set forth specific facts showing the existence of a genuine issue as to every essential element of his claim. *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002) (citation omitted); *Morris*, 144 F.3d at 380. If the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," then there is a genuine dispute as to a material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If no proof is presented, however, the Court does not assume that the nonmovant "could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

**Discussion**

Kennedy, an inmate housed at the Mississippi State Penitentiary at Parchman, filed the instant suit alleging the following unconstitutional conditions of confinement: (1) exposure to infectious disease; (2) unsafe drinking water; (3) deficient fire fighting measures; (4) deprivation of canteen, television, and visitation privileges; (5) poor air quality; (6) exposure to extreme temperatures; (7) insufficient light to read in bunks; (8) lack of warm blankets, clothing, and facilities in cold weather; (9) unsanitary conditions; and (10) lack of cleaning supplies. He maintains that defendant Earnest Lee was aware of the violations and failed to remedy them.

Because Kennedy was incarcerated when he filed this case, the Prison Litigation Reform Act ("PLRA") applies to this case. The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The Mississippi Department of Corrections ("MDOC") has been granted the statutory authority to adopt an administrative review procedure at each of its correctional facilities. Pursuant to this authority, it has established an Administrative Remedy Program ("ARP") through which an inmate may seek formal review of a complaint or grievance relating to any aspect of his incarceration. *See* Miss. Code Ann. § 47-5-801. The ARP process is a two-step process that begins when an inmate first submits his grievance in writing to the prison's legal claims adjudicator within thirty days of the complained of incident. *See Howard v. Epps*, No. 5:12CV61-KS-MTP, 2013 WL 2367880, at *2 (S.D. Miss. May 29, 2013). The adjudicator screens the grievance and determines whether to accept it into the ARP process. *Id*. If accepted, the grievance is forwarded to the appropriate official who then issues a First Step Response to the complaining inmate. *Id.* If the inmate is unsatisfied with the first response, he may continue to the Second Step by completing an appropriate ARP form and sending it to the legal claims adjudicator. *Id.* The Superintendent, Warden, or Community Corrections Director will then issue a final ruling, or Second Step Response, which completes the ARP process. *Id*. If the inmate is unsatisfied with that response, he may file suit in state or federal court. *Id*.

The exhaustion requirement is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). It "applies to all inmate suits about prison life" and must be adhered to "irrespective of the forms of relief sought and offered through administrative avenues." *Id*. at 532; *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). The Fifth Circuit has held that "[d]istrict courts have no discretion to

3

excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir.2012); *see also Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003) (holding that the Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement).

Richard Pennington, Director of the Administrative Remedy Program at MDOC, has submitted an affidavit in this cause in which he avers that Kennedy has not filed a grievance concerning any of the ten conditions of confinement claims on which he was allowed to proceed in this case. *See* ECF No. 65-1, Aff. of Richard Pennington. Therefore, the uncontested evidence presented to the Court demonstrates that Kennedy failed to exhaust his administrative remedies prior to filing the instant suit, and it must be dismissed.

## Conclusion

For the reasons set forth herein, Defendant's motion for summary judgment [65] is **GRANTED**, and this action is **DISMISSED WITHOUT PREJUDICE** due to Plaintiff's failure to exhaust his administrative remedies prior to filing the instant suit. A separate final judgment in accordance with this Memorandum Opinion and Order will enter today.

**SO ORDERED** this the 24th day of March, 2016.

                                               /s/ Sharion Aycock
                                               **U.S. DISTRICT JUDGE**